[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 28, 2002
THOMAS K. KAHN
CLERK

----------------------------------------
No.  00-11644
----------------------------------------

D. C. Docket No. 96-02399 CV-TWT-1


DANIEL WEBSTER,
PEGGY WEBSTER, et al.,

                                    Plaintiffs-Appellants,
                                    Cross-Appellees,


       versus


FULTON COUNTY, GEORGIA,

                                    Defendant-Appellee,
                                    Cross-Appellant.


----------------------------------------
No.  00-15227
----------------------------------------

D. C. Docket No. 96-02399 CV-TWT-1


DANIEL WEBSTER,
PEGGY WEBSTER, et al.,

                                    Plaintiffs-Appellees,

versus

FULTON COUNTY, GEORGIA,

Defendant-Appellant.

-----------------------------------------------------------------
Appeals from the United States District Court
for the Northern District of Georgia
-----------------------------------------------------------------

**(February 28, 2002)**

Before EDMONDSON and WILSON, Circuit Judges, and PAUL*, District Judge.

EDMONDSON, Circuit Judge:

Webster Greenthumb Co.'s ("WGT") amended complaint alleges that WGT, since filing a section 1981 lawsuit charging Fulton County with a custom or policy of disparate-treatment racial discrimination, has "bid upon several contracts, for which they were the lowest qualified bidder" and that Fulton County "refused to

_____

* Honorable Maurice M. Paul, U.S. District Judge for the Northern District of Florida, sitting by designation.

award these contracts to [WGT] in retaliation for having filed th[is] lawsuit."[1]  The question before us is whether the district court erred when it determined that WGT -- an independent contractor -- failed to allege a valid section 1981 retaliation claim.  We believe the district court did err, and we vacate the district court's order of dismissal.[2]

Section 1981 provides that "[a]ll persons ... shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  Section 1981 protects people, and some entities,[3] from racial discrimination during the making of contracts.  See Patterson v. McLean Credit Union, 491 U.S. 164, 176-77, 109 S. Ct. 2363, 2372-73 (1989) (stating that Section 1981 "prohibits, when based on race, the refusal to enter into a contract with someone"), superseded by statute on other grounds as stated in Landgraf v. USI Film Prods., 511 U.S. 244 (1994).  Section 1981 is enforceable

---

[1]When reviewing a dismissal for failure to state a claim, we take the allegations in the complaint as true and draw all reasonable inferences in favor of WGT.  E.g., Marsh v. Butler County, 268 F.3d 1014, 1023 (11th Cir. 2001) (en banc).

[2]Many other issues were raised on appeal.  We affirm the district court's decisions, except for its decision dismissing WGT's retaliation claim.

[3]In a situation such as the one presented by this case, Section 1981's protections extend to companies such as WGT.  Gersman v. Group Health Ass'n, Inc., 931 F.2d 1565 (D.C. Cir. 1991) (concluding that corporation discriminated against on the basis of the race of its principal shareholder has standing to assert section 1981 violation), vacated on other grounds, 502 U.S. 1068 (1992), reinstated 975 F.2d 886 (D.C. Cir. 1992).

against a municipality through 42 U.S.C. § 1983.[4]  See Butts v. County of Volusia, 222 F.3d 891, 894 (11th Cir. 2000) (concluding that Section 1983 is exclusive remedy for enforcement of section 1981 rights against state actors).

We have previously concluded that Section 1981 supports a retaliation cause of action.  Andrews v. Lakeshore Rehab. Hosp., 140 F.3d 1405, 1412-13 (11th Cir. 1998).  But in this case, the district court -- relying on Board of Comm'rs v. Umbehr, 518 U.S. 668, 116 S. Ct. 2342 (1996) -- accepted the County's contention that Section 1981 could not support a retaliation claim that was based upon WGT's factual allegations and, therefore, determined that WGT had failed to state a section 1981 retaliation claim.

The County's argument to affirm on appeal seizes on two differences between the facts presented to the Andrews court and the facts in this case.  First, the plaintiff in Andrews was an employee of a private company, not an independent contractor for a governmental entity, as is WGT.  Second, the plaintiff in Andrews was terminated from his job.  Fulton County contends that WGT, on the other hand, was not hired (that is, was not awarded the contracts at issue) in the first place.  The County then points to the reasoning of Umbehr to support

---

[4]WGT brought its section 1981 claims pursuant to Section 1983.

distinguishing Andrews from this case (and, thus, support concluding that WGT failed to state a section 1981 retaliation claim) based upon those two differences.

In Umbehr, the Supreme Court recognized a section 1983 retaliation cause of action against a municipality for independent contractors whose contracts had been terminated in retaliation for exercising their freedom of speech. The opinion, however, was explicitly limited to independent contractors with pre-existing contractual relationships with the government. Umbehr, 518 U.S. at 685, 116 S. Ct. at 2352. At least one other circuit has interpreted Umbehr to prohibit First Amendment retaliation claims, brought pursuant to Section 1983, by independent contractors without pre-existing relationships (that is, "disappointed bidders"). McClintock v. Eichelberger, 169 F.3d 812, 817 (3d Cir. 1999). Fulton County argues that Umbehr's alleged prohibition on suits by disappointed bidders should apply to race-based section 1981 retaliation claims brought under Section 1983. We disagree.

Umbehr does not apply to the case at hand.[5] Umbehr drew its distinction between independent contractors and employees in the context of the First Amendment, not Section 1981. Disappointed bidders are at the core of Section

_____

[5]The case decided nothing about the right of disappointed bidders to bring retaliation claims, even those based upon the First Amendment.

5

1981's protection: Section 1981 is a protection against an entity (such as Fulton County) declining to make a contract with a party (such as WGT) on account of race. Thus, once we say that Section 1981's protection extends to prohibiting retaliation against a party who has filed a formal complaint charging racial discrimination (as we did in Andrews),[6] it follows that having no contract (that is, being a disappointed bidder) is no bar, but actually an element of a traditional section 1981 retaliation claim alleging failure to contract.

We, therefore, conclude that an independent contractor, such as WGT, states a claim for violation of Section 1981 when that contractor -- a contractor that is qualified to do the work upon which it bids[7] -- alleges that a governmental entity refused to award a contract to the contractor in retaliation for the contractor's filing of a lawsuit charging the governmental entity with a custom or policy of disparate-treatment racial discrimination that was applied against the contractor in violation

---

[6]In Andrews, the defendant's retaliatory acts were in response to the plaintiff's filing of a race-based claim with the EEOC. Andrews, 140 F.3d at 1412. We see no difference, for purposes of this case, between the filing of a raced-based EEOC claim (as in Andrews) and the filing of a race-based section 1981 lawsuit (as in this case).

[7]See Mitchell v. Baldrige, 759 F.2d 80, 86 n.5 (D.C. Cir. 1985) ("In cases of alleged retaliatory ... failure to hire ..., the plaintiff must also show as part of the prima facie reprisal case that he was qualified for the position.").

of Section 1981.[8]  Thus, because WGT alleged such a claim, we conclude that WGT stated a valid section 1981 retaliation claim, as enforced by Section 1983.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

---

[8] We assume, because Fulton County has not argued otherwise, that Section 1983's additional constraint on section 1981 claims against governmental entities -- that the discrimination complained of be a custom or policy of the governmental entity, see Monell v. Department of Social Services of New York, 436 U.S. 658, 694-95, 98 S. Ct. 2018 (1978) -- is met by WGT's allegation that the retaliation at issue was in response to a lawsuit charging the County with discriminating against WGT on the basis of an unconstitutional affirmative action program.