[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2012
JOHN LEY
CLERK

No. 10-15120
_____

D.C. Docket No. 2:08-cv-01884-SLB

CYNTHIA M. THOMAS,

Plaintiff-Appellant,

versus

HUMANA HEALTH PLAN, INC.,
STEVE STEVENSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 24, 2012)

Before DUBINA, Chief Judge, COX, Circuit Judge, and GOLDBERG,* Judge.

PER CURIAM:

## I. BACKGROUND

_____

* Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

Appellant Cynthia Thomas, a sixty-two year old Caucasian female,[1] appeals the district court's grant of summary judgment to her former employer Humana MarketPOINT, Inc. ("Humana") and her former supervisor Steve Stevenson (collectively "Defendants"). Thomas claims that, in terminating her employment, Defendants discriminated against her because of her race, in violation of 42 U.S.C. § 1981. She also claims that Defendants discriminated against her based on her age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Defendants contend that they terminated Thomas because she violated Humana's Critical Offenses Policy.

On appeal, Thomas argues that she was treated less favorably than Sherbrina Watkins, a forty-two year old African American employee.[2] Defendants respond that Thomas has not made a *prima facie* case of discrimination because Thomas and Watkins are not similarly situated and that Thomas has failed to rebut their proffered reasons for her termination.[3]

---

[1] At the time of her termination, Thomas was fifty-nine years old.

[2] At the time Thomas was terminated, Watkins was thirty-nine years old.

[3] Defendants also argue that Thomas is estopped from asserting those claims based on the state unemployment agency's finding that Defendants fired Thomas for misconduct.

## II. STANDARD OF REVIEW

We review the district court's order granting summary judgment *de novo*. *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1357 (11th Cir. 1999). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 1358 (citing Fed. R. Civ. P. 56). In making this determination, we draw all reasonable inferences in favor of the nonmoving party. *Id*.

## III. DISCUSSION

Thomas claims that Defendants discriminated against her because of her race and her age. An employer may not discriminate against a person based on race. *See* 42 U.S.C. § 1981(a) (2006); *Webster v. Fulton Cnty., Ga.*, 283 F.3d 1254, 1256 (11th Cir. 2002). Additionally, the ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. 623(a)(1) (2006).

Thomas states that Watkins also violated Humana's policies; however, Watkins was reprimanded less severely than Thomas. Thomas offers this disparate treatment as circumstantial proof that race and age discrimination motivated her termination. These claims are analyzed according to the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct.

1817, 1824–25, 36 L. Ed. 2d 668, 677–78 (1973); *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003) (following *McDonnell Douglas* to address race discrimination under Title VII); *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 n.6 (11th Cir. 2001) ("Although the *McDonnell Douglas* framework originally applied to Title VII cases, it is now widely accepted that the framework applies to claims of discrimination under the ADEA as well.").[4]

A plaintiff must first establish a *prima facie* case of age or race discrimination by showing that she was (1) a member of the protected class; (2) qualified for her current position; (3) subject to an adverse employment action; and (4) treated less favorably than a similarly-situated employee outside her protected group. *Maynard*, 342 F.3d at 1289 (following *McDonnell Douglas*).

If the plaintiff succeeds in establishing a *prima facie* case of age or race discrimination, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the employment action. *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). If the employer offers a legitimate

---

[4] In the alternative, an ADEA plaintiff can succeed by proving that "age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. __ , 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119, 129 (2009). Accordingly, we analyze Thomas's age discrimination claims under both the *Gross* test and the *McDonnell Douglas* test. However, for the same reasons discussed, Thomas has not proven that "age was the 'but-for' cause of the challenged employer decision." *See id.* at __, 129 S. Ct. at 2351, 174 L. Ed. at 129.

reason, the plaintiff must then rebut the employer's proffered reason by presenting evidence sufficient to permit a reasonable factfinder to conclude that the reason given by the employer was pretextual. *Id.* at 1242.

The first three factors of the *McDonnell Douglas* test are not in dispute. Thus, we only analyze the fourth prong of the test: whether Thomas was treated less favorably than a similarly-situated employee outside of her protected group. *Maynard*, 342 F.3d at 1289. Defendants argue, and we agree, that Thomas does not make a *prima facie* case of race or age discrimination because she cannot establish that she and Watkins are similarly situated. To show that employees are similarly situated, the plaintiff must show that the "employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (2003) (citing *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)).

Thomas claims that she and Watkins are similarly situated, but Thomas was disciplined more severely than Watkins. Thomas states that when she violated the Critical Offense Policy, she was terminated. In contrast, Thomas notes that Watkins also violated Humana's policies, but was only verbally reprimanded. Thus, she insists that her termination was based on race and age discrimination.

Despite Thomas's assertions to the contrary, however, she and Watkins

were not "involved in . . . the same or similar conduct." *Id.* Watkins violated a Humana policy once. She commented one time that Thomas made more money than she did, and this comment violated of one of Humana's work policies. In contrast, Thomas was terminated for committing multiple, serious violations of Humana's Critical Offenses Policy. Specifically, she e-mailed disparaging comments about the leadership team, she threatened and intimidated a co-worker, and she published information about a co-worker's past use of drugs. Clearly, the infractions committed by Thomas and by Watkins differed such that the two were not "involved in . . . the same or similar conduct." *Id.* Therefore, they are not similarly situated for purposes of the *McDonnell Douglas* test. *Id.*

## IV. CONCLUSION

Thomas and Watkins were not "involved in or accused of the same or similar conduct" and thus are not similarly situated for purposes of the *McDonnell Douglas* test. *Id.* Therefore, Thomas has not made a *prima facie* case of race or age discrimination. Accordingly, we conclude that both Thomas's age and race discrimination claims fail. Based on our holding, we need not address the Defendants' estoppel argument. **AFFIRMED.**[5]

---

[5] Although Thomas's claims are not meritorious, she attempted to establish a *prima facie* case for age and race discrimination and did not advance patently frivolous arguments on appeal. Accordingly, we DENY defendants' motion for double costs, attorneys' fees and expenses.