[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13982
Non-Argument Calendar
_____

D. C. Docket No. 2:08-cv-01342-AKK

VANESSA A. FELDER,

Plaintiff-Counter-Defendant-Appellant,

versus

BRADFORD HEALTH SERVICES,
d.b.a. Addiction & Mental Health Services, Inc.,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 18, 2012)

Before MARTIN, EDMONDSON, and BLACK, Circuit Judges.

PER CURIAM:

Vanessa Felder appeals the grant of summary judgment in favor of her

former employer, Bradford Health Services ("Bradford"), on her claims of race discrimination, retaliation, and fraud.[1]  Felder brought her claims under 42 U.S.C. § 1981, and Alabama state law.  No reversible error has been shown; we affirm.

Felder, an African-American female, filed, through counsel, an amended complaint against Bradford alleging that (1) she was terminated on account of her race; (2) Bradford ultimately retaliated against her after it learned that she had filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"); and (3) she was denied a pay raise and tuition reimbursement for a healthcare graduate degree after she relied on her supervisor, Roy Ramsey's, assurances of financial assistance.

Felder argued that she established a prima facie[2] case for race discrimination and discriminatory discharge because (1) as an African-American, she was a member of a protected class; (2) she was qualified for her then-current position as

---

[1]We review de novo the district court's grant of summary judgment.  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007).  And we view the evidence in the light most favorable to the non-moving party.  Id.

[2] Because this case is a circumstantial evidence case, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 663 (1973), applies.  In a nutshell, the plaintiff must first establish a prima facie case, which creates a presumption of unlawful discrimination against the employee.  The employer may then rebut that presumption with legitimate, non-discriminatory reasons for the adverse employment actions.  The employee must then proffer sufficient evidence to create a genuine issue of material fact that the defendant's articulated reasons are pretextual.  See Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008).

Patient Services Coordinator when she was terminated, as the position was created for her; and (3) she could proffer evidence that Bradford regarded her race as a negative factor in eliminating her position. She maintained that Tim DeLoach, a white employee with supervisory responsibilities over her, reassigned her duties and made derogatory comments about African-Americans being dependent on handouts. Felder also alleged that Caucasian staff received more favorable treatment than African-American employees, including career-broadening assignments and raises. By contrast, Bradford asserted that it eliminated her position as part of a reduction-in-force ("RIF") to manage costs and improve efficiencies and that Felder failed to allege or to offer evidence to show that she was qualified for another position available at the time of her discharge or that she applied for another available position.

Under section 1981, "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens," which in an employment context means protection against discrimination based on race. 42 U.S.C. § 1981; Webster v. Fulton Cnty., Ga, 283 F.3d 1254, 1256 (11th Cir. 2002). To establish a prima facie case of race discrimination under section 1981

involving a RIF,[3] the employee must prove that (1) she is a member of a protected class and was adversely affected by an employment action; (2) she was qualified to assume another position at the time of the discharge; and (3) the employer intended to discriminate in reaching the employment decision at issue. Barnes v. Sw. Forest Indus., Inc., 814 F.2d 607, 609 (11th Cir. 1987) (involving an age discrimination suit).

About the second element, we have explained that "[w]here a particular job position is entirely eliminated for nondiscriminatory reasons, for plaintiff to prevail against [her] employer, [she] must show that [she] was qualified for another available position with that employer; qualification for [her] current job is not enough. Earley v. Champion Int'l Corp., 907 F.2d 1077, 1082-83 (11th Cir. 1990) (dealing with age discrimination).

Here, the district court did not err in concluding that Felder failed to establish a prima facie case of race discrimination on her termination because she cannot establish that she was qualified for another position available at Bradford when she was discharged or that Bradford intended to discriminate against her when it eliminated her position. While Felder clearly is in a protected class and

---

[3] The elements of a claim of race discrimination under section 1981 are the same as a Title VII disparate treatment claim in an employment context. Rice-Lamar v. City of Fort Lauderdale, Fla., 232 F.3d 836, 843 n.11 (11th Cir. 2000).

4

was adversely affected by Bradford's decision to terminate her, she fails to meet the remaining elements necessary to establish that her termination was predicated on race discrimination.

Viewing the evidence in a light most favorable to Felder, nothing suggests that another position for which she was qualified was available at the time of her termination or that she even requested or applied for another position at Bradford when she was terminated. In addition, Felder failed to demonstrate that Bradford intended to discriminate against her by terminating her employment. Bradford terminated three white employees and three black employees as part of its RIF. In addition, after the RIF, Bradford assigned some of Felder's job duties to employees within her protected class. A black female assumed all her paperwork duties, and her communication duties were reassigned to primary counselors who were both white and black. Felder also did not prove that Ramsey, who made the decision to eliminate Felder's position, possessed a racial animus toward

African-Americans.[4]  As a result, Felder failed to establish a prima facie case of race discrimination on her termination.

For her claim of race discrimination on her pay raise claim, Felder failed to identify a comparator whose experience was substantially similar to her own.[5] Felder alleged that Bradford falsely claimed that it did not have money for raises -- while giving two white employees "substantial raises."  These two alleged comparators, however, were not similarly situated to Felder: they had different experiences, credentials, job duties, and qualifications.  See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (stating that the person the plaintiff identifies as her comparator must be similarly situated "in all relevant respects").  As a result, because Felder fails to present any other evidence of discrimination, the district court properly concluded that she failed to establish a prima facie case of race discrimination in her pay raise claim.

---

[4] In her brief on appeal, Felder appears to assert that DeLoach's discriminatory animus is imputed to Ramsey, the decisionmaker, under the "cat's paw theory," because Ramsey followed DeLoach's biased recommendation to reassign her job duties, which ultimately led to her termination.  These claims were not before the district court when it granted summary judgment; and we will not review them.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (explaining that we will not consider arguments on appeal that were not fairly presented below).

[5] In general, a plaintiff may establish a prima facie case for disparate treatment in a race discrimination case by showing that (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside her protected class more favorably than she was treated; and (4) she was qualified to do the job.  See Burke-Fowler v. Orange Cnty, Fla., 447 F.3d 1319, 1323 (11th Cir. 2006).

6

Turning to Felder's retaliation claim, to establish a prima facie case, a plaintiff must show that "(1) she engaged in an activity protected [by statute]; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008) (noting the elements for retaliation in a Title VII claim).

In this case, the district court properly concluded that Felder established the first two elements of the prima facie case for retaliation because her complaint to Sydnee Bender, an employee in Human Resources ("HR"), in December 2006, about discrimination constitutes protected activity, and her termination on February 23, 2007, represents an adverse employment action.

Felder fails to cite to evidence that suggests that Ramsey, the decisionmaker in her termination, was aware of Felder's alleged complaint to HR in December 2006, when he made the decision to terminate Felder. According to Felder's own deposition testimony, the most recent protected conduct of which Ramsey was aware was Felder's complaint to him in March 2006, almost a full year before her termination, in which she advised him that she was going to the EEOC because her job duties were being reassigned by DeLoach. A nearly one-year gap between the last alleged protected conduct and an adverse employment action is insufficient to

7

establish the requisite causal connection for a retaliation claim.  See Drago v.

Jenne, 453 F.3d 1301, 1308 (11th Cir. 2006) (holding that three months between a

protected activity and an adverse employment action, standing alone, failed to

establish a causal connection of retaliatory discharge).  Thus, the district court

properly concluded that because Felder failed to show a causal connection

between her complaints and termination, she could not establish a prima facie case

for retaliation under section 1981.

　　Felder's state-law fraud[6] claim chiefly fails because she cannot demonstrate

that Ramsey intended to deceive her when he allegedly promised to increase her

salary and to reimburse her for educational expenses for a graduate degree.

Felder's only evidence was her own assertion that Ramsey failed to follow through

on his promise that he would raise her salary to $50,000 and that Bradford would

reimburse her if she pursued a graduate degree in healthcare.  See Goodyear Tire

& Rubber Co. v. Washington, 719 So.2d 774, 776 (Ala. 1998) (noting that a

plaintiff cannot meet her burden merely by showing that the alleged promise

ultimately was not kept, but instead, "[t]here must be substantial evidence of a

---

[6] Under Alabama law, the elements of fraud are "(1) a misrepresentation, (2) of a material existing fact, (3) upon which the plaintiff justifiably relied, (4) which proximately caused injury or damage to the plaintiff." Johnson v. Green Mountain, Inc., 623 So.2d 1116, 1121 (Ala. 1993). To support a claim of promissory fraud, the plaintiff must show that at the time of the alleged misrepresentation, the defendant intended not to do the acts promised, but intended to deceive the plaintiff. Id.

8

fraudulent intent that existed when the promise was made").[7]  Felder provided no evidence of prior instances where Ramsey made unfulfilled promises to her, and she also failed to produce evidence of acts or words that occurred after his alleged promise that gave a hint of an intent to deceive: insufficient evidence of fraudulent intent.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Bradford.

AFFIRMED.

---

[7] The district court also properly concluded that the denial of the tuition reimbursement (especially when it is undisputed that Felder did not follow the procedures set out in the employee manual to obtain reimbursement) did not impact the terms, conditions, or privileges of her employment, and thus, did not constitute an adverse employment action.

9