[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12741
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00255-AKK


CALVIN BOWMAN,

Plaintiff-Appellant,

versus

BIRMINGHAM, CITY OF,
a municipality,
KEVIN MOORE,
in his personal capacity,
JARVIS PATTON,
in his personal capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 19, 2019)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges.

PER CURIAM:

Calvin Bowman, proceeding *pro se*, sued two City of Birmingham employees—Kevin Moore and Jarvis Patton—under 42 U.S.C. § 1983, alleging that they retaliated against him for complaining about race discrimination. The district court construed Bowman's claim as asserting a violation of his First Amendment rights, then granted Moore and Patton summary judgment based on qualified immunity. Bowman—also a government employee—could not prove a First Amendment violation, at least according to the district court, because he had not spoken on a matter of public concern. Bowman's complaint and summary judgment briefing, however, show that he sued Moore and Patton under § 1983 for violating his statutory rights under 42 U.S.C. § 1981, not his constitutional rights under the First Amendment. That matters because it means that the district court evaluated Bowman's § 1983 claim according to the wrong metrics: a § 1981 claim targets different conduct and requires different elements than a First Amendment claim does. We therefore vacate the portion of the district court's order granting Moore and Patton summary judgment on Bowman's § 1983 claim, affirm that order in all other respects, and remand for further proceedings.[1]

---

[1] Bowman also sued the City of Birmingham under 42 U.S.C. §§ 1981 and 1983 for retaliation and creating a hostile work environment, but does not appeal the district court's grant of summary judgment in favor of the City on those claims. The district court's judgment regarding those claims is therefore "due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d

2

I.

A.

Bowman, an African-American man, works as a Business Officer in Birmingham's Crossplex/Fairgrounds Department, which oversees the City's sports stadiums and concert facilities. In February 2013, he complained to his supervisor, Kevin Moore, that a white male coworker, Preston Kirk, had failed to collect several payments owed for catering services. Moore disagreed with Bowman's take on the situation, declined to discipline Kirk, and tasked Bowman with managing catering payments moving forward. At that point, Bowman accused Moore of being "quick to discipline the black employees," while refraining "from disciplining the white employees when they do something wrong." Bowman also complained to Moore's direct supervisor, Jarvis Patton, that "Moore refrains from disciplining the white employees, but that he disciplines the black employees regularly."

According to Bowman, just a few days later, Moore stripped him "of his supervisory duties and authority over the staff in the office that he managed." Bowman further alleges that Moore repeatedly reprimanded him and threatened

678, 680 (11th Cir. 2014) (citation omitted). We also note that Bowman's Notice of Appeal included the district court's order denying his Motion for Disqualification and Recusal. Bowman did not, however, dispute or discuss this order in his briefing and so we consider that issue abandoned. *See, e.g.*, *id.*; *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (internal citations omitted)).

3

disciplinary action on multiple occasions—all in retaliation for "the complaint" that Bowman "made against [Moore] in February 2013." This led Bowman to file additional complaints with Patton accusing Moore "of retaliation and harassment for engaging in protected activity." In response, the City hired outside counsel to investigate the claims.

While the investigation played out, Patton transferred Bowman to the Finance Department—a move that, in Bowman's view, effectively reduced his job duties to entry-level clerk work. Once the inquiry yielded "no findings," Patton transferred Bowman back to the Crossplex/Fairgrounds Department. But Bowman claims that shortly after his return, Moore reduced his job responsibilities from managing all aspects of Crossplex events to simply overseeing the Crossplex parking lot. And when Bowman complained that Moore's retaliatory conduct continued unabated, Patton allegedly demoted Bowman in response.

B.

Bowman sued Moore and Patton for retaliation "pursuant to 42 U.S.C. §§ 1981 and 1983." He alleges, among other things, that Moore and Patton retaliated against him "because he complained about race discrimination" and that this "was a violation of Plaintiff's rights under the Civil Rights Act of 1991." As this Court has explained, the Civil Rights Act of 1991 amended § 1981 to encompass retaliation claims based on race—including retaliation for filing race-

4

based complaints.  *See Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405, 1412–13 (11th Cir. 1998).  To that end, Bowman asserts that Moore and Patton violated the law by subjecting him to materially adverse employment actions in response to him "making complaints about race discrimination and retaliation in the workplace."

Following discovery, Moore and Patton moved for summary judgment, which the district court granted.  In doing so, the district court treated Bowman's retaliation claim as two separate counts—one under § 1981 and another under § 1983.  The district court first dismissed what it construed as the standalone § 1981 claim because that statute does not itself provide "a cause of action against state actors."  *Butts v. Cty. of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000).  Instead, "§ 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981."  *Id.* at 893 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731–32 (1989)).

Turning to Bowman's claim under § 1983, the district court explained that this statute provides a cause of action against individuals who, acting under color of state law, violate "rights secured by the Constitution or by federal statute."  Because Bowman alleged that Moore and Patton "retaliated against him for engaging in allegedly protected speech," the district court reasoned that the relevant "right Bowman is raising in his § 1983 claim is the First Amendment."

5

The district court then dismissed the claim based on qualified immunity, which generally shields government officials from suit based on discretionary functions, unless their conduct violated clearly established federal statutory or constitutional rights. According to the district court, Bowman failed to show that Moore and Patton violated his First Amendment rights at all, much less that they violated clearly established ones in this context. That's because Bowman "spoke as an employee concerning private matters, not as a citizen concerning the public interest."

Bowman filed a "Motion to Vacate," which the district court treated as a motion for reconsideration. Bowman tried to explain that he "pled § 1983 claims to vindicate his § 1981 rights," while stressing that he "did not plead a violation of any First Amendment rights." Although the district court acknowledged that "a § 1983 claim may be brought against state actors for violations of § 1981," it remained "unconvinced" that Bowman's pleading alleged such a theory. The district court further stated that "even if Bowman is correct that the court mistakenly construed his § 1983 claims as alleging violations of his First Amendment rights rather than his § 1981 rights, the court would still have arrived at the same conclusion." In the district court's view, Moore and Patton would continue to enjoy qualified immunity because their alleged § 1981 violations—if any—did not involve "a clearly established right in light of the specific context of

6

this case." Bowman now appeals the district court's grant of summary judgment on his § 1983 claim in favor of Moore and Patton.

## II.

This Court conducts a "*de novo* review of the district court's disposition of a summary judgment motion based on qualified immunity," resolving "all issues of material fact in favor of the plaintiff." *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002) (citing *Sheth v. Webster*, 145 F.3d 1231, 1236 (11th Cir. 1998)); *see also Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003) ("We resolve all issues of material fact in favor of the plaintiff, and then determine the legal question of whether the defendant is entitled to qualified immunity under that version of the facts." (citing *Ferraro*, 284 F.3d at 1190)).

## III.

The district court erred by construing Bowman's § 1983 claim as alleging a constitutional violation under the First Amendment instead of a statutory one under § 1981. As we have explained, § 1983 "provides a method for vindicating federal rights conferred by the Constitution *and federal statutes*." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990) (emphasis added) (citation omitted). And Bowman made it clear from the outset that his § 1983 claim sought to vindicate his rights under § 1981, not the First Amendment. For example, in the complaint, Bowman expressly stated that his retaliation claim "is brought pursuant

to 42 U.S.C. §§ 1981 and 1983." He alleged that Moore and Patton retaliated against him "because he complained about race discrimination" and that this "was a violation of Plaintiff's rights under the Civil Rights Act of 1991." And he cited the relevant law giving rise to this action as "42 U.S.C. §§ 1981, 1983, and 1988," not the First Amendment.

After Moore and Patton moved for summary judgment, Bowman tried to drive the point home even harder in his opposition brief. He reiterated the fact that he "invoked § 1983 in his Complaint," and then walked through the elements needed to "establish a claim of retaliation under section 1981." He argued that he engaged in protected activity because he "complained about race discrimination in discipline to Moore and Patton." And he cited and quoted from case law explaining that "it is well-established in this circuit that claims for retaliation are cognizable pursuant to § 1981." He did not, by contrast, mention the First Amendment even once.

To be fair, Bowman's allegations appear similar to First Amendment concerns. He claims that Moore and Patton retaliated against him for engaging in protected speech—namely, making complaints. But the mere fact that Bowman's claim concerns speech does not mean that he pleaded a First Amendment violation. Section 1981 also safeguards the ability to engage in certain speech; the statute prohibits employers from retaliating against employees for making complaints

8

about race discrimination.  *See Webster v. Fulton Cty., Ga.*, 283 F.3d 1254, 1257 (11th Cir. 2002) (explaining that § 1981's "protection extends to prohibiting retaliation against a party who has filed a formal complaint charging racial discrimination"); *Andrews*, 140 F.3d at 1412 (holding that § 1981 covered plaintiff's claim alleging "retaliation due to filing a race-based claim with the EEOC").  Under our precedents, race-based retaliation and speech-based retaliation are not mutually exclusive concepts when the speech concerns racial discrimination.

We confronted a similar issue in *Lyes v. City of Riviera Beach, Fla.*, and concluded that the district court had misconstrued the plaintiff's § 1983 claim as alleging only a due process violation, not an equal protection violation.  126 F.3d 1380, 1387–89 (11th Cir. 1997), *vacated and reh'g en banc granted*, 136 F.3d 1295 (11th Cir. 1998), *reinstated in relevant part*, 166 F.3d 1332, 1336 (11th Cir. 1999) (en banc).[2]  Although the plaintiff in that case "did not specifically style" her § 1983 claim "as one to vindicate her rights under the Equal Protection Clause," the complaint contained "numerous allegations consistent with an equal protection cause of action."  *Id.* at 1387.  And although the plaintiff referenced due process, that "should not have been viewed as fatal to an equal protection claim," seeing as

---

[2] This Court, en banc, initially vacated the panel's opinion, but later adhered to "the panel's reasoning and result on the § 1983 claim," and reinstated that portion of the opinion.  *Lyes*, 166 F.3d at 1336.

9

those concepts "are not mutually exclusive." *Id.* at 1389 (citation omitted). Moreover, the plaintiff's summary judgment briefing argued that she was "discriminated against on the basis of her gender," and thus "should have alerted the district court to her continued reliance upon an equal protection theory." *Id.* at 1388–89. All in all, we concluded that the plaintiff's "complaint and responsive pleadings, although far from a model of clarity, sufficiently notified" the defendants and the district court that the plaintiff had alleged an equal protection violation. *Id.* at 1389. The district court should have considered whether the plaintiff's § 1983 claim survived summary judgment on that basis, "thus necessitating remand." *Id.* at 1387.

To be sure, a district court need not "distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc) (citing *Blue Cross & Blue Shield v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990)). The "onus" remains on the parties to identify their theories, and "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Id.* (citing *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994)). But where, as here, the complaint and summary judgment briefing provide sufficient notice of the

plaintiff's legal theory, the district court should address it. *See Lyes*, 126 F.3d at 1387–89.

Finally, we conclude that remand is warranted even though the district court offered an alternative ground for its summary judgment decision. In its order denying reconsideration, the district court explained that it would have found that qualified immunity applies even if it had construed Bowman's § 1983 claim as alleging violations of his § 1981 rights. The district court stated that "Bowman has cited no case law sufficient to put Moore and Patton on notice that any violations of § 1981 resulting from their conduct, if any, violated a clearly established right in light of the specific context of this case." In other words, even if Moore and Patton violated Bowman's rights under § 1981, there was no authority showing that those rights were clearly established.

That is simply not the case. This Court has established that § 1981's "protection extends to prohibiting retaliation against a party who has filed a formal complaint charging racial discrimination." *Webster*, 283 F.3d at 1257; *see also, e.g.*, *Bryant v. Jones*, 575 F.3d 1281, 1309 (11th Cir. 2009) (explaining that "it is well-established in this circuit that claims for retaliation are cognizable pursuant to § 1981" (citations omitted)). As the Supreme Court has explained, a right is clearly established when its contours are "sufficiently clear" such that "a reasonable official would understand that what he is doing violates that right."

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Bryant*, 575 F.3d at 1309 ("[T]he salient question is whether the state of the law at the time provided officials fair warning that their discriminatory retaliatory conduct was unlawful." (citation omitted)).  Based on both Supreme Court and Eleventh Circuit precedents, a reasonable official would know that retaliating against an employee for making race-based complaints violates the law.  *See, e.g.*, *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008) (holding that "§ 1981 encompasses retaliation claims"); *Andrews*, 140 F.3d at 1412–13 (same).

Of course, that leads to the next question, whether a reasonable jury could find that Moore and Patton retaliated against Bowman for complaining about race discrimination—an issue that the district court did not address.  Rather than undertake this analysis ourselves, we remand to the district court to make that determination in the first instance.  *See, e.g.*, *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1268 (11th Cir. 2008) (vacating summary judgment "to permit the district court to address the issue in the first instance"); *Beavers v. Am. Cast Iron Pipe Co.*, 975 F.2d 792, 800 (11th Cir. 1992) (vacating district court summary judgment order that "did not explicitly address" intentional discrimination claim and remanding for the district court to "address it in the first instance").

12

IV.

In sum, we vacate the district court's grant of summary judgment in favor of Moore and Patton on Bowman's § 1983 claim and remand for further proceedings consistent with this opinion.  We affirm the district court's grant of summary judgment in all other respects.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**