[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12648

Non-Argument Calendar

_____

CHARLES ROBERT LEE FUTCH, II,

Plaintiff-Appellant,

*versus*

CHIEF MATT LIBBY,
THE CITY OF PORT WENTWORTH,

Defendants-Appellees,

PORT WENTWORTH CITY HALL,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:22-cv-00293-RSB-CLR

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Charles Futch, II, appeals the district court's order granting the City of Port Wentworth and Chief of Police Matt Libby's motion for summary judgment on his race-discrimination claims, brought under Title VII of the Civil Rights Act of 1964, the Equal Protection Clause, and 42 U.S.C. § 1981.[1]  He argues that the district court erred by determining that the defendants' proffered non-discriminatory reasons for firing him from his job as a police officer were not pretextual because, he says, they did not have probable cause to believe that Futch had engaged in criminal conduct.  The facts of the case are known to the parties, and we repeat them here only as necessary to decide the case.  After carefully considering the record and the parties' arguments, we affirm.[2]

_____

[1] Futch does not challenge the district court's rulings on his due-process and state-law claims and has thus abandoned these issues.  *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

[2] We review "a district court's grant of summary judgment *de novo*, applying the same legal standards applied by the district court."  *Valley Drug Co. v. Geneva Pharms., Inc.*, 344 F.3d 1294, 1303 (11th Cir. 2003).

24-12648                Opinion of the Court                3

Title VII prohibits private employers from discriminating, as relevant here, against an employee based on his race. 42 U.S.C. § 2000e-2(a). Under 42 U.S.C. § 1981, employers are similarly prohibited from discriminating against people based on their race during the making and enforcing of contracts, including employment contracts. *Webster v. Fulton Cnty.*, 283 F.3d 1254, 1256 (11th Cir. 2002). Additionally, "[t]he Equal Protection Clause of the Fourteenth Amendment prohibits race . . . discrimination in public employment." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1312 (11th Cir. 2018). Employment-discrimination claims brought under Title VII, § 1981, and the Equal Protection Clause are all "subject to the same standards of proof and use the same analytical framework." *Id.* at 1312 n.6.

There are two ways that a plaintiff can use circumstantial evidence to make out a case of discrimination. First, a plaintiff can show a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (quotation marks and citation omitted). Second, a plaintiff can use the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1255 (11th Cir. 2012). We address each method in turn.[3]

---

[3] Because we agree with the district court's holding that Futch's discrimination claims fail, we need not reach the question of whether Libby is entitled to qualified immunity.

## I

A plaintiff may establish a "convincing mosaic" by pointing to evidence that demonstrates, among other things, (1) "suspicious timing, ambiguous statements," or other information from which discriminatory intent might be inferred, (2) "systematically better treatment of similarly situated employees," and (3) "that the employer's justification is pretextual." *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019) (quotation marks omitted). A "'convincing mosaic'" is "a metaphor, not a legal test and not a framework." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023). If circumstantial evidence of any form "raises a reasonable inference that the employer discriminated against the plaintiff, summary judgment is improper." *Smith*, 644 F.3d at 1328.

Futch cannot show a convincing mosaic. On appeal, he does not argue that the timing of his termination was suspicious or that Libby or other employees of Port Wentworth said or did anything from which discriminatory intent might be inferred. Further, despite some discussion of this issue in the district court below, he makes no attempt on appeal to argue that similarly situated employees were treated better than him. These arguments are therefore abandoned. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("If an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it.").

Futch does argue that the justification for terminating him is pretextual, because, he claims, there was no "probable cause for a warrant to be issued for Mr. Futch's arrest." Br. of Appellant at 8. But he doesn't cite any legal authority in support of his position that Libby's alleged failure to satisfy the "arguable probable cause" standard has any bearing on whether his proffered reasons for firing Futch were pretextual. And for good reason. "[W]e apply the standard of 'arguable probable cause'" in false-arrest claims under the Fourth Amendment, *see Skop v. City of Atlanta*, 485 F.3d 1130, 1137 (11th Cir. 2007)—not in employment-law cases like this one. Here, "[i]n order to show pretext, the plaintiff must demonstrate that the proffered reason was not the true reason for the employment decision." *Jackson v. Ala. State Tenure Comm.*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quotation marks and citation omitted). A plaintiff "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* (quotation marks and citation omitted).

Futch has made no attempt to argue along the lines laid out in *Jackson*. Nor can he. The summary judgment evidence overwhelmingly demonstrates that Libby's proffered reason to fire Futch was not pretextual. Libby testified that he terminated Futch due to his inappropriate conduct, because a nearby police department—the Hinesville Police Department (HPD)—had informed him of an incident during which Futch was intoxicated, interfered with officers' attempts to arrest a gunman, and made threats. And

HPD told Libby that Futch would be criminally charged for his conduct. This testimony is consistent with the police reports, body camera footage, and information Libby received from the HPD. Therefore, Futch has failed to show a convincing mosaic of intentional discrimination.

## II

Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of discrimination by showing that he (1) "belongs to a protected class," (2) "was subjected to an adverse employment action," (3) "was qualified to perform the job in question," and (4) his "employer treated 'similarly situated' employees outside [his] class more favorably." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023) (quoting *McDonnell Douglas*, 411 U.S. at 802). As already explained, Futch makes no attempt on appeal to argue that similarly situated employees were treated better than him, therefore abandoning the argument. *See Access Now*, 385 F.3d at 1330. And because proving a similarly situated comparator is a necessary step of making out a prima facie case of discrimination under *McDonnell Douglas*, Futch has not established a prima facie case under this framework.

★  ★  ★

For these reasons, the district court's summary judgment order is **AFFIRMED**.